UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL R. MCKENNON,

        **Plaintiff,**

v.                                           **Case No:  6:18-cv-323-Orl-41DCI**

NEWSCASTIC INC.,

        **Defendant.**

---

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. 9)** |
| **FILED:** | **May 31, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.    Background

    This copyright action centers on the unauthorized use of Plaintiff's photograph of a New Mexico sunset (the Photograph) that he registered with the United States Copyright Office on March 19, 2013. Docs. 1 at ¶¶ 10-11; 1-2. Plaintiff alleges that Defendant, "an online advertising company that creates professional written, photo, or video stories for clients to use on their websites," used the Photograph in two separate articles without Plaintiff's permission. *Id*. at ¶¶ 3, 13-16, 20. Thus, Plaintiff asserts a single claim for copyright infringement against Defendant. *Id*.

at ¶¶ 23-29.  Plaintiff requests that the Court enter a permanent injunction against Defendant, award him either actual or statutory damages, and award him attorney fees and costs.  *Id.* at 5-6.

Plaintiff filed a return of service, in which the process server averred that she served Defendant's registered agent on March 14, 2018.  Doc. 6.  Defendant did not timely respond to the Complaint.  Thus, Plaintiff moved for default, Doc. 7, and, on April 17, 2018, the Clerk entered default against Defendant.  Doc. 9.

Plaintiff moved for entry of default judgment.  Doc. 9 (the Motion).  Plaintiff argued that the allegations in the Complaint establish that Defendant infringed the Photograph and, consequently, he is entitled to default judgment against Defendant.  *Id.* at 4-7.  Plaintiff requested the following relief: 1) a permanent injunction enjoining Defendant from infringing the Photograph; 2) an award of $137,460.00 in statutory damages; 3) an award of prejudgment interest; and 4) an award of Plaintiff's reasonable attorney fees and costs.  *Id.* at 13.[1]

## II.    Standard of Review

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b).  Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true,

---

[1] The Motion is supported by affidavits from Plaintiff and his counsel.  Docs. 9-1; 9-2.

adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment.  If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).  Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.  *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).  Therefore, even in the default judgment context, "[a] court has an

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

## III.  Analysis

### A.  Subject Matter Jurisdiction

Plaintiff asserted a single claim for copyright infringement pursuant to 17 U.S.C. § 501. Doc. 1. Thus, the undersigned finds that the Court has subject matter jurisdiction over this case. 28 U.S.C. § 1331.

### B.  Personal Jurisdiction

Plaintiff alleged that the Court has personal jurisdiction over Defendant, a corporation with its principal place of business in New Mexico, because Defendant committed the copyright infringement in Florida, solicits news articles from freelance journalists in Florida, and "targets the Florida market directly with advertising for purposes of doing business [in Florida]." Doc. 1 at ¶ 7.

The Court engages in a two-part analysis to determine whether it has personal jurisdiction over a nonresident defendant. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, the Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. *Id*. If the state long-arm statute provides a basis for personal jurisdiction, then the Court must determine "whether sufficient minimum contacts exist between the defendant[] and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." *Id*. (internal quotation omitted).

Plaintiff's allegations concerning the business Defendant conducts in Florida sufficiently establish that the Court has specific jurisdiction over Defendant pursuant to the conducting-business provision of Florida's long-arm statute. Fla. Stat. § 48.193(1)(a)(1).[3] These allegations also sufficiently establish that Defendant has sufficient minimum contacts with Florida and that exercising jurisdiction over Defendant would not violate notions of fair play and substantial justice. Therefore, the undersigned finds that the Court has personal jurisdiction over Defendant.

**C. Default**

Plaintiff served Defendant's registered agent on March 14, 2018. Doc. 6. This was proper service on a corporation under Florida law. Fla. Stat. § 48.081(3)(a). Thus, Defendant had 21 days from the date of service to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant did not timely respond to the Complaint and, as a result, is in default. Therefore, the undersigned finds that the Clerk properly entered default against Defendant.

---

[3] In light of Defendant's business contacts with Florida, there is no need to determine whether Defendant also committed a tort in Florida for the purposes of establishing long-arm jurisdiction.

### D.  Copyright Infringement

Plaintiff alleges that he owns the copyright in the Photograph and that Defendant infringed that copyright by displaying the Photograph in two separate articles on its website.  Doc. 1 at ¶ 12, 15-17.  Thus, Plaintiff claims that Defendant is liable for copyright infringement pursuant to 17 U.S.C. § 501.  *Id*. at 5.

To establish a prima facie case of copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

To satisfy *Feist*'s first prong, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995)).  In a judicial proceeding, a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).  Once the plaintiff produces a certificate of registration, "the burden shifts to the defendant to demonstrate why the claim of copyright is invalid." *Bateman*, 79 F.3d at 1541.

To satisfy *Feist*'s second prong, the plaintiff must establish that the "alleged infringer actually copied plaintiff's copyrighted material." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010).  However, factual proof of copying is only part of satisfying the second prong.  A plaintiff "must also prove that 'the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.'" *Id*. (quoting *Lotus*, 49 F.3d at 813).

Plaintiff has sufficiently alleged a claim of copyright infringement.  First, Plaintiff alleged that he owns the copyright for the Photograph and, in support of that allegation, attached the copyright registration to the Complaint.  Docs. 1 at ¶ 12; 1-2 at 2.  The copyright registration names Plaintiff as the author and copyright claimant, states that the Photograph was first published on September 1, 2012, and states that the effective date of the registration is March 19, 2013.  Doc. 1-2 at 2.  Since the effective date of the copyright registration is "before or within five years after first publication of the work," the copyright registration constitutes "prima facie evidence of the validity of the copyright and the facts stated in the certificate."  17 U.S.C. § 410(c).  Thus, based on the allegations in the Complaint and the copyright registration attached thereto, the undersigned finds that Plaintiff has satisfied *Feist*'s first prong.

Second, Plaintiff alleged that Defendant copied the Photograph without his permission and used the Photograph in two separate articles (the first in May 2015 and the second in July 2016) without Plaintiff's permission.  Doc. 1 at ¶¶ 15-17, 26; *see also* Doc. 9-2 at ¶ 10.  In support, Plaintiff attached the Photograph and screenshots of the articles from Defendant's website showing Defendant's use of the Photograph.  Docs. 1 at ¶ 10; 1-3.  This evidence establishes that Defendant copied the entire Photograph in both articles.  *Id*.  Thus, based on the allegations in the Complaint, the attachments thereto, and the evidence provided by Plaintiff in support of the Motion, the undersigned finds that Plaintiff has satisfied *Feist*'s second prong.  Therefore, the undersigned finds that Plaintiff has established that Defendant is liable for copyright infringement.

**E.  Relief**

Plaintiff requested that the Court award him statutory damages, prejudgment interest on those statutory damages, a permanent injunction enjoining Defendant from infringing the

Photograph, and an award of attorney fees and costs.  Doc. 9 at 7-13.  The undersigned will address each request in turn.

### 1.  Damages

Plaintiff claimed that he has suffered a total of $45,820.00 in actual damages.  Doc. 9 at 7-9.  However. Plaintiff contended that his actual damages would not sufficiently compensate him for the harm caused by Defendant's infringement.  *Id*.  Thus, rather than seeking an award of actual damages, Plaintiff requested an award of statutory damages, which Plaintiff calculated as three times his actual damages, i.e., a total of $137,460.00.  *Id*. at 9-11.  Plaintiff argued that this award "is appropriate to accomplish full compensation to [him] for the damages he suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages and to deter future violations of copyright law."  *Id*. at 10-11.

"[A] copyright owner may choose between two types of damages: actual damages and profits or statutory damages."  *Jordan v. Time, Inc*., 111 F.3d 102, 104 (11th Cir. 1997).  Here, Plaintiff has elected to recover statutory damages.  Doc. 9 at 9-11.  "The range of statutory damages is between $750 and $30,000 for each infringed work, . . . but the [Copyright] Act also allows the court in its discretion to increase . . . awards of statutory damages in cases involving willful infringement to $150,000 per work."  *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015) (internal alternations and quotation marks omitted) (citing 17 U.S.C. § 504(c)(1)-(2)).

The Court has wide discretion to set an amount of statutory damages.  *Cable/Home Commc'n Corp. v. Network Prod. Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).  In exercising this discretion, courts in this District have considered the following nonexclusive factors: 1) the

expenses saved and the profits reaped; 2) the revenues lost by the plaintiff; 3) the value of the copyright; 4) the deterrent effect on others besides the defendant; 5) whether the defendant's conduct was innocent or willful; 6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and 7) the potential for discouraging the defendant. *Bait Prods. Pty Ltd. v. Murray*, Case No. 8:13-cv-169-T-33AEP, 2013 WL 4506408, at *5 (M.D. Fla. Aug. 23, 2013) (quoting *Rolex Watch U.S.A., Inc. v. Lynch*, Case No. 2:12-cv-542-FtM-38UAM, 2013 WL 2897939, at *5 (M.D. Fla. June 12, 2013)).

Plaintiff claimed that he has suffered two distinct forms of actual damages, i.e., lost profits and lost licensing fees. Doc. 9 at 7-9. First, with respect to lost profits, Plaintiff stated that he only makes the Photograph available for purchase through a limited-edition release of 10 prints, which he sells for as much as $82.00 per print. Docs. 9 at 8-9; 9-2 at ¶¶ 8, 21. Plaintiff essentially argued that Defendant's infringement has affected his ability to sell prints of the Photograph. Doc. 9 at 8-9. Thus, Plaintiff claimed that he is entitled to recover at total of $820.00 (10 prints at $82.00 apiece) in lost profits. *Id.* at 9. Second, with respect to lost licensing fees, Plaintiff stated that if Defendant had requested a license to use the Photograph, he would have charged Defendant at least $3,000.00 per year for each use of the Photograph. Docs. 9 at 7-8; 9-2 at ¶ 8. Here, Plaintiff claimed that Defendant used the Photograph in one article for three years and in a second article for two years. Docs. 9 at 7-8; 9-2 at ¶ 10. Thus, given Defendant's unlicensed use of the Photograph and Plaintiff's customary license fee, Plaintiff claimed that he is entitled to recover, at the very least, a total of $15,000.00 in lost licensing fees. Doc. 9 at 7-8.[4] Plaintiff, however, "believes" this amount should be greater – three times greater (i.e., $45,000.00) – given the value

---

[4] Plaintiff interpreted Defendant's use of the Photograph in the two articles as two separate uses. The undersigned finds no issue with this characterization of Defendant's use of the Photograph.

his Photograph has lost due to Defendant's infringement.  *Id*. at 8 (citing *Leonard v. Stemtech Int'l.*, 834 F.3d 376 (3d Cir. 2016)).  In light of this belief, Plaintiff claimed that he has suffered a total of $45,820.00 in actual damages.  *Id*. at 9.[5]  Plaintiff, however, argued that this figure does not fairly compensate him for Defendant's willful infringement.  *See id*. at 10.  Thus, Plaintiff requested a total of three times his actual damages in statutory damages, i.e., $137,460.00, which he argued is "full compensation to [him] for the damages he suffered, . . . create[s] a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages[,] and . . . deter[s] future violations of copyright law."  *Id*. at 10-11.

Plaintiff seeks statutory damages in excess of $30,000.00 and, thus, must demonstrate that Defendant's infringement was willful.  While Plaintiff did not allege that Defendant willfully violated his copyright, he did allege that he notified Defendant of its infringement in October 2015 and, despite this notice, Defendant continued to use the Photograph.  Doc. 1 at ¶ 21.  This allegation, which must be accepted as true, supports Plaintiff's claim that Defendant willfully infringed the copyright.  *See Peer Intern. Corp. v. Max Music & Entm't, Inc.*, 2004 WL 1542253, at *3 (S.D.N.Y. July 9, 2004) (finding of willful infringement warranted where defendant disregarded notice of copyright and continued to infringe); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227-28 (7th Cir. 1991) (holding that defendant was a willful infringer based on fact that defendant received a letter stating that it could not broadcast music without a license and that the defendant had demonstrated resistance to paying copyright fees in the past).  Further, Defendant's default supports an inference that Defendant willfully infringed the copyright.  *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (finding that the

---

[5] This figure represents $820.00 in lost profits and $45,000.00 in lost licensing fees.

court may infer that defendants willfully infringed the copyrights at issue based on the defendants' default).   Thus, in light of Defendant's disregard of Plaintiff's notice of infringement and Defendant's default, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendant willfully infringed Plaintiff's copyright.

Plaintiff, however, has not convincingly established that he is entitled to recover the full amount of statutory damages he seeks in the Motion.  "[S]tatutory damages are not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered."  *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1313 (M.D. Fla. 2008) (internal quotation omitted).  Plaintiff attempts to ground his claim for statutory damages in his actual damages.  But Plaintiff has not sufficiently demonstrated that has suffered $45,820.00 in actual damages.

First, with respect to Plaintiff's claim for lost profits, Plaintiff speculated that individuals are more than likely to forego purchasing prints from Plaintiff due to Defendant's use of the Photograph on its website.  *See* Doc. 9 at 8-9.  However, there is no evidence that Defendant is selling prints of the Photograph.  And Plaintiff has provided no evidence that anyone has foregone purchasing a print from him because of Defendant's use of the Photograph on its website.  Absent such evidence and considering the limited number of prints Plaintiff sells over the life of the copyright, the undersigned finds the Plaintiff has not sufficiently established that he has (or is likely) to suffer lost profits as a result of Defendant's infringement.

Unlike Plaintiff's claim for lost profits, Plaintiff has provided sufficient evidence to support his claim for lost licensing fees.  A claim for lost, past licensing fees is measured by what the plaintiff would have earned by licensing the infringing use to the defendant.  *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1276 (M.D. Fla. 2008).  To demonstrate entitlement to a reasonable

licensing fee, Plaintiff must show that the Photograph had a fair market value.  *Id*.  Plaintiff can make this showing by demonstrating that he "previously received compensation for use of the infringed work" or by providing evidence of "benchmark licenses, that is, what licensors have paid for use of similar work."  *Id*. at 1276-77.  Here, Plaintiff declared that he sells one-year, non-exclusive licenses of the Photograph starting at $3,000.00.  Doc. 9-2 at ¶ 8.  This evidence sufficiently establishes that a fair market value of the licensing fee that Plaintiff would have, but did not, receive from Defendant is $3,000.00 per year, per article.  Thus, considering Defendant's three-year use of the Photograph in the first article and two-year use of the Photograph in the second article, the undersigned finds that Plaintiff has sufficiently established that he would have earned a total of $15,000.00 in licensing fees had Defendant sought a license to use the Photograph.

While Plaintiff has demonstrated that he would have earned a total of $15,000.00 in licensing fees had Defendant sought a license to use the Photograph, Plaintiff has not convincingly demonstrated that his actual lost licensing fee is three-times greater due to the impact Defendant's infringing use has upon the Photograph's scarcity.  Plaintiff claimed that the location, the weather conditions, and the advanced photo and post-production techniques he used to create the Photograph resulted in a unique and scarce image.  Doc. 9 at 8.  Thus, given the scarcity of the Photograph, Plaintiff claimed that the fair market value of his lost licensing fees should be multiplied by three.  *Id*.  In support, Plaintiff cites to a decision from the Third Circuit Court of Appeals.  *Id*. (citing *Leonard*, 834 F.3d 376).  However, this case is readily distinguishable from *Leonard*.

The plaintiff in *Leonard* claimed that defendant, a company that sold nutritional supplements, infringed images of human bone marrow stem cells that plaintiff took using an electron microscope.  *Leonard*, 834 F.3d at 382-85.  The matter proceeded to a jury trial, at which

plaintiff's damages expert recommended that a premium of three to five times the benchmark licensing fee should be applied to reflect the scarcity and exclusivity of the images. *Id*. at 385. The jury awarded a verdict for the plaintiff that accounted for the evidence concerning the scarcity and exclusivity of the photographs at issue. *Id*. The defendant appealed the verdict arguing that the jury impermissibly considered the scarcity and exclusivity of the photographs in determining the plaintiff's actual damages. *Id*. The Third Circuit disagreed, finding that the jury could consider the scarcity and exclusivity of the photographs in determining their fair market value. *Id*. at 392-94.

The photograph in this case is not comparable to the photographs in *Leonard*. While the undersigned does not doubt that Plaintiff employed some level of skill in creating the Photograph, the Photograph's subject matter (a sunset) is common and can be captured by anyone with camera. The same cannot be said for the subject matter captured in the photographs at issue in *Leonard*, which required sophisticated technology and techniques to locate and photograph the stem cells. Thus, the undersigned finds that Plaintiff has failed to demonstrate that the fair market value of the Photograph, which, as previously discussed, is $3,000.00 per year, should be multiplied by three to account for the Photograph's scarcity.

In light of the foregoing, the undersigned finds that Plaintiff has sufficiently established that he has suffered a total of $15,000.00 in actual damages.[6]

---

[6] The undersigned has considered whether an evidentiary hearing should be held in determining whether Plaintiff is entitled to the damages he seeks. Upon consideration of the evidence Plaintiff provided in support of the Motion, the undersigned finds there is sufficient evidence in the record for the Court to make an informed decision concerning the amount of damages Plaintiff is entitled to recover.

Plaintiff requested that he be awarded three times his actual damages in statutory damages to account for Defendant's willful violation of the copyright, Plaintiff's inability to discover the profits Defendant earned from its infringing use of the Photograph, and to deter future copyright violations.   Doc. 9 at 10-11.   In light of the undersigned's determination that Plaintiff has established that he has suffered $15,000.00 in actual damages, Plaintiff's request for statutory damages would be no greater than $45,000.00.   This amount is appropriate considering Plaintiff's lost licensing fees, the willfulness of Defendant's continued infringement after being notified of its infringing use of the Photograph, and the deterrent effect it will have upon Defendant and others who become aware of this case.[7]   In light of the foregoing, the undersigned finds that an award of $45,000.00 in statutory damages strikes an appropriate balance between compensating Plaintiff without providing him a windfall, as well as deterring Defendant and others from further infringing activity.

**2.   Prejudgment Interest**

Plaintiff requested an award of prejudgment interest but provided no argument or authority explaining whether he is entitled to such relief.   *See* Doc. 9.   It is Plaintiff's burden, not the Court's, to demonstrate that Plaintiff is entitled to the relief sought in the Motion.   Plaintiff has failed to satisfy that burden with respect to his request for prejudgment interest.   Thus, given this failure,

---

[7] The undersigned has also considered Plaintiff's contention that Defendant's default has affected Plaintiff's ability to determine how much Defendant profited from its use of the Photograph. However, considering the scope and nature of Defendant's use of the Photograph, the undersigned finds this contention has little, if any, impact on determining the amount of statutory damages to award.  Specifically, Defendant used the Photograph as a heading in two articles on its website. There is nothing in the record to suggest that this limited use, in and of itself, resulted in any profit. Therefore, the undersigned is not persuaded that Defendant's use of the Photograph resulted in any appreciable profit that must be accounted for in an award of statutory damages.

the undersigned finds that Plaintiff should not be awarded prejudgment interest on the recommended statutory damages.

### 3.  Permanent Injunction

Plaintiff argued that he is entitled to a permanent injunction against Defendant.  Doc. 9 at 11-12.  Specifically, Plaintiff requested that the Court enter a permanent injunction enjoining Defendant from: 1) "directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from either Plaintiff's copyrighted [Photograph] or to participate or assist in any such activity;" and 2) "directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted [Photograph]."  *Id*. at 12-13.

A court may "grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  A plaintiff seeking a permanent injunction must demonstrate the following: 1) it has suffered an irreparable injury; 2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) the public interest would not be disserved by a permanent injunction.  *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Plaintiff claimed that Defendant's unlicensed use of the Photograph causes irreparable injury because it will likely limit the number of people who will purchase prints of the Photograph and encourage others to use the Photograph without obtaining a license to do so.  Doc. 9 at 12. The undersigned has recommended an award of damages that would sufficiently remedy the injury

caused by Defendant's infringement, but those damages would not necessarily preclude further monetary and non-monetary injury if Defendant continues its unlicensed use of the Photograph. Thus, it is clear that Plaintiff will continue to be harmed if Defendant is not enjoined from further use of the Photograph.  Also, there appears to be no other remedies at law that would adequately compensate Plaintiff while also ensuring Defendant ceases its infringement.  Further, Plaintiff would endure greater hardship than Defendant if Defendant's use of the Photograph was not enjoined.  And, finally, the public interest would not be adversely affected if Defendant were enjoined from using the Photograph.  Therefore, for these reasons, the undersigned finds that Plaintiff is entitled to a permanent injunction enjoining Defendant from directly or indirectly infringing Plaintiff's copyright in the Photograph.

### 4. Attorney Fees and Costs

Plaintiff requested an award of attorney fees and costs totaling $4,514.20.  Doc. 9 at 11.

A district court may award reasonable attorney fees and full costs to the prevailing party in a civil copyright-infringement action.  17 U.S.C. § 505.  The award of such fees is made at the court's discretion.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  In determining whether to award fees and costs, the Court may consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" where such factors are faithful to the purposes of the Copyright Act.  *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999) (quoting *Fogerty*, 510 U.S. at 534 n. 19).

Plaintiff has demonstrated that Defendant willfully infringed Plaintiff's copyright in the Photograph.  This willful infringement coupled with Defendant's default provides a sufficient basis to award Plaintiff his reasonable attorney fees and costs, because such an award will both

compensate Plaintiff for protecting his copyright against Defendant's willful infringement and act as a deterrence to future infringement.  Thus, the only remaining question is whether Plaintiff's request for attorney fees and costs is reasonable.

The Court uses the familiar lodestar method in determining a reasonable fee award, which is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable.  *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  There is a strong presumption that the lodestar figure is reasonable.  *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010).

Plaintiff provided the following information concerning his counsels', paralegal's, and investigator's hourly rates and the time they spent on the case:

| Attorney/Paralegal/Investigator | Hourly Rate | Hours | Totals |
|---|---|---|---|
| Joel B. Rothman, Esq.[8] | $395.00 | 3.5 | $1,382.50 |
| Alexander C. Cohen, Esq.[9] | $300.00 | 7.7 | $2,310.00 |
| Jamie C. James, paralegal | $175.00 | 0.8 | $140.00 |
| Kimberly A. Abajian, investigator | $175.00 | 1.0 | $175.00 |
| | Total = | | $4,007.50 |

Doc. 9-1 at 3.  In support of these figures, Plaintiff's counsel, Mr. Rothman, provided a declaration stating that the rates and hours are reasonable.  *Id*. at 1-2.  However, Mr. Rothman provided no further details, such as counsel's experience, in support of this conclusory assertion.  *See id*.

This was a straight forward copyright infringement case, which required minimal experience and effort to prosecute.  The only evidence provided in support of the requested hourly

[8] Mr. Rothman is a partner at the law firm representing Plaintiff.  Doc. 9-1 at 3.

[9] Mr. Cohen is an associate at the law firm representing Plaintiff.  Doc. 9-1 at 3.

rates is a declaration from Plaintiff's counsel baldly stating that the rates and hours are reasonable. Doc. 9-1 at 1-2.  Such evidence, especially given its conclusory nature, is insufficient to establish that the requested rates are consistent with the prevailing market rates for similar work.  *See Norman*, 836 F.2d at 1299 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.").  Thus, given the paucity of evidence supporting the requested hourly rates and the undersigned's knowledge and experience concerning reasonable rates for similar cases, the undersigned finds that reasonable hourly rates for Mr. Rothman and Mr. Cohen are $300.00 and $225.00, respectively.  *See Norman*, 836 F.2d at 1299-1300, 1303 ("The court . . . is itself an expert on the question [of hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value"); *see also  Dallas Buyers Club, LLC v. Brennan*, Case No. 6:14-cv-1011-Orl-37GJK, 2015 WL 12778344, at *7-8 (M.D. Fla. May 26, 2015) (making similar reductions to counsels' requested hourly rates in a copyright infringement case resolved via default judgment) *report and recommendation adopted by*, 2015 WL 12672125 (M.D. Fla. June 18, 2015).  Similarly, given the paucity of evidence supporting the requested hourly rates and the undersigned's knowledge and experience concerning reasonable rates for similar cases, the undersigned finds that a reasonable hourly rate for Ms. James is $100.00.

With respect to Ms. Abajian, Plaintiff has provided no argument or authority as to why he is entitled to recover fees for the work Ms. Abajian performed in relation to this case, i.e., to "[investigate] proper parties for purpose of suit." *See* Docs. 9 at 11; 9-1 at 3.  Thus, the undersigned finds that Plaintiff should not be permitted to recover fees for the work Ms. Abajian performed in this case.

In light of the foregoing and finding that the time Plaintiff's counsel and paralegal spent working on the case reasonable, the undersigned recommends that Plaintiff be awarded attorney fees as follows:

| Attorney/Paralegal/Investigator | Hourly Rate | Hours | Totals |
|---|---|---|---|
| Joel B. Rothman, Esq. | $300.00 | 3.5 | $1,050.00 |
| Alexander C. Cohen, Esq. | $225.00 | 7.7 | $1,732.50 |
| Jamie C. James, paralegal | $100.00 | 0.8 | $80.00 |
| | **Total =** | | **$2,862.50** |

In addition, Plaintiff's request for $506.70 in costs is reasonable.  Therefore, the undersigned finds that Plaintiff is entitled to recover a total of $3,369.20 in attorney fees and costs.

**IV.    Conclusion**

Accordingly, it is **RECOMMENDED** that:

1.    The Motion (Doc. 9) be **GRANTED** as follows:

    a.   Default judgment be entered in Plaintiff's favor and against Defendant;

    b.   Defendant be permanently enjoined from:

        i.    Directly or indirectly infringing Plaintiff's copyright in the Photograph (depicted at Doc. 1 at ¶ 10);

        ii.   Continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from the Photograph or to participate or assist in any such activity; and

        iii.   Directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Photograph.

    c.   Plaintiff be awarded a total of $45,000.00 in statutory damages against Defendant;

    d.  Plaintiff be awarded a total of $3,369.20 in attorney fees and costs against Defendant; and

2.  The Motion (Doc. 9) be **DENIED** in all other respects; and

3.  The Clerk be directed to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 7, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy